CONCURRING IN PART AND DISSENTING IN PART
RALPH B. GUY, JR.,
Circuit Judge, concurring in part and dissenting in part.
I concur in the majority’s thorough and well-written opinion in all but one respect. *437 The majority fails to recognize the error made by the district court in conflating forward confusion and reverse confusion. The distinction between forward and reverse confusion is important because in applying the first Frisch factor, the strength of plaintiffs mark, a conclusion that the mark is weak supports a claim for reverse confusion. In fact, it is the very foundation of reverse confusion.
As the Third Circuit observed in A & H Sportswear, Inc. v. Victoria’s Secret Stores, Inc.:
[I]n a direct confusion claim, a plaintiff with a commercially strong mark is more likely to prevail than a plaintiff with a commercially weak mark. Conversely, in a reverse confusion claim, a plaintiff with a commercially weak mark is more likely to prevail than a plaintiff with a stronger mark, and this is particularly true when the plaintiffs weaker mark is pitted against a defendant with a far stronger mark.
237 F.3d 198, 231 (3d Cir. 2000); see also Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co., 561 F.2d 1365, 1367-68, 1372 (10th Cir. 1977) (jury could find reverse confusion where large junior user’s multimillion-dollar nationwide advertising campaign overpowered small senior user’s mark). We suggested the propriety of this approach in Ameritech, which the majority cites. Ameritech, Inc. v. Am. Info. Techs. Corp., 811 F.2d 960 (6th Cir. 1987). There, we observed that the senior user in a reverse-confusion case “loses the value of the trademark—its product identity, corporate identity, control over its goodwill and reputation, and ability to move into new markets,” and relied on the junior user’s comparatively massive brand recognition to rule that the senior user was entitled to consideration of its reverse-confusion claim. Id. at 964-66.
Although it is true that plaintiff alternatively argued that its mark is strong, it premised this argument on conceptual strength because the mark is registered and incontestable. The majority correctly rejected this argument in light of the mark’s descriptiveness, third party use, and lack of commercial strength. Opinion, supra, at 430. But, as discussed above, the proper focus in reverse-confusion cases is whether the senior user’s mark is commercially weaker than the junior user’s mark. See A&H Sportswear, 237 F.3d at 231. Plaintiff argued the comparative commercial weakness of its mark when it cited “search results on Google and Bing where UPS OrderLink pervades the search results” to show that UPS “overwhelmed Progressive on the internet in e-commerce[.]”
Favoring a senior user’s comparatively weak mark preserves the distinction between forward- and reverse-confusion claims. The district court instead applied the forward-confusion analysis and concluded that Progressive’s weak mark weighed against a finding of likelihood of confusion. It thereby erred.
One cannot predict whether the district court would have reached a different result applying the correct analysis. The majority is right that certain factors weigh strongly in defendant’s favor, namely the lack of evidence of actual confusion and the likely high degree of purchaser care. But in this circuit, “the most important ... factors are similarity and strength of the mark[.]” Maker’s Mark Distillery, Inc. v. Diageo North America, Inc., 679 F.3d 410, 419 (6th Cir. 2012) (quotation omitted). I would remand to the district court to reconsider summary judgment in light of the weakness of Progressive’s mark compared to the commercial strength of UPS’s mark.